UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Andy Humphrey<br><br>Plaintiff,<br><br>v.<br><br>MiraMed Revenue Group, LLC<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Andy Humphrey, ("Andy"), is a citizen of Illinois.

2. Defendant, MiraMed Revenue Group, LLC, ("MM"), is an Illinois Limited Liability Company that maintained its principal place of business in Lombard, Illinois.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because MM resides in this District.

## STATEMENT OF FACTS

5. MM makes calls using pre-recorded or artificial voices to leave debt collection messages to collect medical debt.

6. These types of calls are known as robo-calls.

7. One of the sponsors of the TCPA, Senator Fritz Hollings from South Carolina explained, "computerized calls are the scourge of modern civilization." Congressional Record – Senate

Proceedings and Debates of the 102nd Congress, First Session. July 11, 1991, 137 Cong. Rec. S9840, S9874.

8. MM made numerous robocalls directed at Andy.

9. For example, MM called Andy from 866-910-2606 on or around Wednesday, January 29th, 2014 at 8:58am and the pre-recorded or artificial voice stated;

This is a message for Andy Humphrey, if you are not Andy Humphrey, please hang up or disconnect. If you are Andy Humphrey please continue to listen to this message. You should not listen to this message so that anyone can hear it as it contains personal and private information. There will now be a three second pause so you can listen to this message in private. By continuing to listen to this message you acknowledge you are Andy Humphrey. This is Miramed Revenue Group. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office about a personal business matter concerning reference number 12876853 at 866-910-2606. Thank you.

10. On several occasions, the dates of which will be revealed through discovery, MM willingly and knowingly called Andy using a pre-recorded or artificial voice leaving similar messages on his cellular phone multiple times in violation of the TCPA.

11. On one occasion, Andy's girlfriend, ("Girlfriend"), heard a voice message from MM.

12. This voice message disclosed that Andy owed the debt.

13. This message from MM disclosing the debt caused a strain on Andy and Girlfriend's relationship.

14. MM caused Andy emotional distress.

15. Andy did not give "Prior Express Consent" to MM under the TCPA to receive calls using a pre-recorded or artificial voice. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1233-1243 (S.D. Fla. 2013).

16. No called party gave consent to MM to receive robocalls at the cellular number called.

17. Before MM began contacting Andy, it and Andy had no prior business relationship and Andy had never provided express consent to MM to be contacted on his cellular telephone.

18. MM regularly uses instrumentalities of interstate commerce like phones and the mails to collect consumer debts owed or due or asserted to be owed or due another.

19. The principal source of Defendant's revenue is debt collection.

20. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

21. As described, *infra*, Defendant contacted Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes – a medical debt.

22. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

24. MM violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third-party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple occasions by making calls using a pre-recorded or artificial voice without prior express consent.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

> RESPECTFULLY SUBMITTED,
>
> Hyslip & Taylor, LLC LPA
>
> By:    /s/ Mark T. Lavery
> One of Plaintiff's Attorneys

Mark T. Lavery, Esq.
917 W. 18th St., Suite 200
Chicago, IL  60608
312-508-5480
Mark@lifetimedebtsolutions.com